PETITION-FOR A RE-HEARING, BY
F. W. GRAYSON, ESQ.
The appellant respectfully prays a re-hearing of this case. It involves the question, whether the vendee for a valuable Consideration, of a tract of land in possession, is entitled to an injunction against the sale thereof, under colour of an execution against his vendor.
Chancery will relieve against irreparable mischief*. This is the distinguishing feature of most of the cases of preventive justice» ■
The complainant, Ward, and defendant, Trimble, have opposing claims derived from or under the same party, Grayson. The first claims to be a purchaser, bona fide, in possession'of a tract of land; the other, to have the land so possessed sold for his debt, under his legal execution. This claim, or the claim of each, is contested by the other. There is, then, a dispute, an undetermined controversy, between them. This contest cannot be tried at law, until after a sale, and then only at the election of the purchaser under execution. He may wait until the possessor loses his testimony, or it is out of the way. In the mean time, the only remedy which can be, is in chancery, and if that court re-' fuses to interpose, irreparable mischief maybe done to the complainant. Should he confide in his title, and it turn out against him, he loses his land. The very apprehension of it, would oblige him to bid under the execution; yet, if his claim be the better one, he loses his money. Can it be possible, that there is no principle of this court to relieve the bona fide purchaser from so embarrassing, so perilous a situation? There may be some technical defect in his title, unknown to him; his deed may not be regularly recorded; he may believe it to be so, and it may turn out otherwise. A purchaser under execution might thereby obtain an advantage. This defect may be known to the creditor; why else should he pursue the bona fide purchaser?
The defect, then, is either real or imagined; and ought not the bona fide purchaser, whose equity is at least equal to that of the creditor, to have the right of having this defect, if any, in his title, disclosed and settled, before the creditor shall proceed, and thus prevent him from using his advantage in a way calculated to do the purchaser irreparable mischief?
*107 The transfer of negotiable securities will be restrained by injunction, because, by the-transfer, the drawer would be placed in a worse condition. 1 Mad. 127. Is it not probable the possessor would- be placed in a worse cqndition by a sale?
Under an execution for the separate debt of a partner, his portion of interest in the partnership effects may be sold. By the sale, nothing but his interest, whatever it may be, passes. That- interest depends upon the state of'his. account- with the partnership. It will be nothing, if the balance-be against him, and consequently nothing will- pass by the sale. Yet the co-partners may file a bill for-an account of what is due the defendant in execution, and obtain an injunction in the mean time. 1 Mad. 112-13. This is done upon an allegation that the defendant has no interest, and chancery stays, proceedings.at la,w, until'the r-ig-ht can be settled.
A bill-of interpleader lies, because the right- to the thing is contested, and the complainant is ignorant-who has the better right, and though the right-may be merely legal.. This is to prevent- the mischief which might result to him from a decision not anticipated;
If the buying of pretensed titles be an evil'; if the sale of them-by individuals be prohibited, and'yet the law affords no remedy against the sale of them under execution, ought not chancery- to interpose, to protect the bona fide possessor, at least until his claim is-examined:?- Is there no danger that speculators will search out the defects in men’s estates, and-conceal those defects until they shall purcha-se up lost debts upon hopeless insolvents, through whose hands those estates may have passed? And will they not, under c’olour oflaw, and-with the authority of the process of your courts of common law, sacrifice the innocent occupants, or alarm them into-heavy contributions, under the specious name of compromises? Will you, as chancellors, permit the process of your courts,of common law so to be abused? You- cannot have the disposition, and it would be singularly unfortunate, if you had not the power to prevent it.
The creditor sáys hp has the better right at law. Be it so. This is the strongest supposition that can be made for him. He only means, to sell the land-which has not lawfully been conveyed. This he has, at law, a right to dp. apd therefore prays the complainant’s in- *108 junction against his selling the land sold to him by Grayson, to be dissolved. Thus he questions the ie-gality of that conveyance, whilst he withholds his objections to it. ' Grant that the conveyance is unlawful or irregular; still the equity of the complainant remains. It is specific, to the land contracted for, and is prior in point of time, to the claim of the defendant. It is the very case where the jurisdiction of this court unquestionably attaches. It is reduced to a simple contest, then, between the legal title and a prior equity. The possessor, who has only contracted for the purchase of land, and paid nothing, is preferred in equity to the execution creditor; and if he has obtained adeed, though it be defective, it is still equal to a bond or agreement. Whatever it may be at law, it is good in. equity,
It is not pretended by the defendant, Trimble, that Grayson is insolvent. He admits he has other estate. He says enough is. excepted out of the complainant’s purchase, to satisfy his execution. Ought he not, then. Upon a principle of benevolence, to be obliged to sell, first, the excepted portion, and then any other estate his debtor may possess, before he takes that owned by the complainant?
Suppose the land sold by Grayson to Ward should be worth $30,0.00, whilst Trimble’s execution is only for $1,500. Ward’s tille is attacked; he knows of no objection; he applies to chancery, and can learn nothing; his adversary will not speak out. At a sale under the execution, would not Ward be violently tempted to bid, whatever his opinion mighl he as to his claim? Should he not bid, some unsuspected defect or error of opinion in his counsel might involve his ruin. He must then choose between hazarding $30,0Q0 and losing $ 1,500. Common prudence would most probably determine him against venturing so much upon a Igw opinion, when it might be avoided by the loss of $1,500,
If, then, the defendant, Trimble, is permitted to proceed; if he enters and sells the land possessed by the complainant, he commits a trespass upon the freehold, sells a pretensed title and abuses the process of law. or uses it in a way calculated to do incalculable mischief to the complainant. On the other hand, should chancery interpose and the complainant’s claim ultimately prove the weaker, he may choose to pay the creditor his debt, *109 slid save the land. Thus justice will be done to both parties; or, rather, justice will be administered to the defendant, with as little injury as possible- to the complainant.
July 8.
Graysm and Triplett, for plaintiff.
All which is respectfully submitted.
But the court, on consideration, overruled the mo? tion, and the decree stands affirmed,